IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR ASSET BACKED FUNDING CORPORATION ASSET BACKED CERTIFICATES, SERIES 2006 HE1, | § § § § § § | |
| Plaintiff, | § § | Civil Action No. 4:25-CV-06012 |
| v. | § § | |
| LUZ TREVINO, and THE UNITED STATES OF AMERICA, | § § § § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff U.S. Bank National Association, as Trustee for Asset Backed Funding Corporation Asset Backed Certificates, Series 2006 HE1 ("Plaintiff" or "U.S. Bank"), its successors and assigns files this its Original Complaint against Defendants Luz Trevino and The United States of America ("Defendants"), and respectfully shows the Court as follows:

**I. PARTIES**

1. Plaintiff is a "mortgagee" as is defined in Texas Property Code § 51.001(4) and is appearing through the undersigned counsel.

2. Juan Trevino and Luz Trevino ("Borrowers") are borrowers and obligors under the subject Loan Agreement.

3. Juan Trevino ("Decedent") died on or about November 6, 2008. Upon information and belief no probate is open for Decedent's estates in Harris County, Texas, the county where the subject Property is located or in the county in which he died. Accordingly, there is no executor or

administrator to be made a party in this proceeding as the personal representative of the Decedents' estates.

4. Defendant Luz Trevino is a Borrower and the wife of the Decedent. She may be served with process at 220 N. Eastwood St., Houston, Texas 77011 or such other place as she may be found. Summons is requested.

5. Defendant the United States of America is named in this suit *in rem* only relating to the Abstract of Judgment recorded in the Real Property Records of Harris County, Texas as Instrument Number Z119284. Pursuant to FED. R. CIV. P. 4(i)(1) the United States of America may be served process by sending a copy of the summons and Complaint via registered or certified mail addressed (a) to the Civil Process Clerk at the United States Attorney for the Southern District of Texas, 1000 Louisiana, Ste 2300, Houston, Texas 77002 and (b) the United States Attorney General, at 950 Pennsylvania Avenue, NW Washington, DC 20530.

## II. PROPERTY

6. This proceeding concerns the real property and improvements commonly known as 220 N. Eastwood St., Houston, Texas 77011 (the "Property"), and more particularly described as follows:

> LOT 1, IN BLOCK 13, OF NAVIGATION ADDITION, AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 6, PAGE 30 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

## III. JURISDICTION AND VENUE

**A. Jurisdiction under 28 U.S.C.§ 1340**

7. This Court has original jurisdiction over this matter under 28 U.S.C. § 1340 because this lawsuit involves a claim for foreclosure of a property that is encumbered by a lien held by the United States. Specifically, the United States asserts a restitution lien that is treated like a federal

tax type lien on the subject property. Section 1340 gives this Court original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue.

**B. Diversity Jurisdiction**

8. Further, without the United States as a party, this Court has jurisdiction over the controversy under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and the remaining Defendants, and the amount in controversy exceeds $75,000.00.

9. U.S. Bank National Association, as Trustee for Asset Backed Funding Corporation Asset Backed Certificates, Series 2006 HE1 is a national banking association and trustee of a mortgage securitization trust. A trustee that possesses "customary powers to hold, manage, and dispose of assets," is the real party in interest to a suit. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464 (1980); see *BAC Home Loans Servicing, LP v. Tex. Realty Holdings, LLC*, 901 F. Supp. 2d 884, 907–09 (S.D. Tex. 2012). When a trustee is the real party in interest, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro*, 446 U.S. at 464–66. That is, when the trustee has control of assets for the benefit of another and has the power to sue or be sued in its own name (and does so), the trustee's citizenship is "all that matters for diversity purposes." *Americold Realty Trust v. ConAgra Foods Inc.,* 136 S. Ct. 1012, 1016 (2016) (citing *Navarro*, 446 U.S. at 462–66). A national banking association is considered a citizen of the state in which it is located, as determined by the state of its main office in the articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006) (citing 28 U.S.C. § 1348). U.S. Bank Trust National Association has designated in its articles of association that its main office is in Cincinnati, Ohio. Accordingly, U.S. Bank National Association, not in its individual capacity, but soley as Owner Trustee for Citigroup Mortgage Loan Trust 2021-RP4 is a citizen of Ohio.

10. Defendant Luz Trevino is a citizen of Texas. Defendant is an individual who resides at 220 N. Eastwood St., Houston, Texas 77011 and is domiciled in Harris County. Therefore, Defendant is a citizen of Texas for diversity purposes.

11. Because Plaintiff is a citizen of Ohio and Defendant is a citizen of Texas there is complete diversity among the parties. See 28 U.S.C. § 1332(c)(1).

**C. The amount in controversy exceeds $75,000**

12. In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the lien interest is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met.

13. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); see also *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

14. Here, the value of the right to be protected is enforcement of a mortgage lien through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of the Property, or the proceeds of a foreclosure sale. If Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. The Harris County Central Appraisal District ("Harris County CAD") values the Property at $275,102.00. Thus, rights to the entirety of the Property exceed $75,000.00. A true and correct copy of the Harris County CAD Value is attached hereto as **Exhibit A**.

**D. Venue**

15. Venue is proper in the Southern District of Texas, Harris Division, because this suit concerns title to real property located in Harris County, Texas. *See* 28 U.S.C. §§ 124(b)(2), 1391 (b)(2).

## IV. FACTS

**A. The Loan Agreement**

16. On or about July 24, 2006, Decedent Juan Trevino and Luz Trevino ("Borrowers") executed a Texas Home Equity Fixed/Adjustable Rate Note ("Note") in the principal amount of $92,000.00 in favor of New Century Mortgage Corporation bearing interest at 10.700% per annum. A true and correct copy of the Note is attached hereto as **Exhibit B**.

17. Concurrently with the execution of the Note, Borrower executed a Texas Home Equity Security Instrument ("Security Instrument") (collectively with the Note, the "Loan Agreement"), granting New Century Mortgage Corporation, its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the Official Public Records of Harris County, Texas as Document No. Z541394 on August 18, 2006 and Loan Agreement was created according to Tex. Const. art. XVI, § 50(a)(6). A true and correct copy of the Security Instrument is attached hereto as **Exhibit C**.

18. Subsequently, on September 28, 2009 New Century Mortgage Corporation transferred and assigned the Loan Agreement to U.S. bank National Association, As Trustee for ABFC 2006-HE1 Trust. The Assignment of Deed of Trust was recorded in the Official Public Records of Harris County, Texas as Document No. 20090499314 on November 3, 2009. A true and correct copy of this assignment is attached hereto as **Exhibit D**.

19. On 7/10/2019, U.S. bank National Association, As Trustee for ABFC 2006-HE1 Trust transferred and assigned the Loan Agreement to U.S. Bank National Association, as Trustee

for Asset Backed Funding Corporation Asset Backed Certificates, Series 2006 HE1 The Assignment was recorded in the Official Public Records of Harris County, Texas as Document No. RP-2019-309172 on 7/18/2019.  A true and correct copy of this assignment is attached hereto as **Exhibit E**.

20. On July 9, 2020 U.S. Bank National Association, as Trustee for Asset Backed Funding Corporation Asset Backed Certificates, Series 2006 HE1 transferred and assigned the Loan Agreement to U.S. Bank National Association, as Trustee for Asset Backed Funding Corporation Asset Backed Certificates, Series 2006 HE1. The Assignment was recorded in the Official Public Records of Harris County, Texas as Document No. RP-2020-313936 on July 15, 2020.  A true and correct copy of this assignment is attached hereto as **Exhibit F**.

**B. United States of America's Lien**

21. On or about February 28, 2006 the United States caused to be recorded an Abstract of Judgment in the Official Real Property Records of Harris County, Texas under Document No. Z119284 ("USA lien"). A true and correct copy of the Abstract of Judgment is attached hereto as **Exhibit G**.

**C. Death of the Borrowers**

22. On or about November 6, 2008, Juan Trevino passed away. Upon information and belief, no probate is open for his estate in Harris County, Texas, the county where the subject Property is located and the county in which he died. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedent's estate..

23. Plaintiff retained a private investigator to perform an heir search for purposes of identifying Decedent's heirs-at-law. The investigator's report confirms that the Decedent was married to the Defendant Luz D. Trevino at the time of his death and had three grown children all

from his marriage to the Defendant. Pursuant to Texas Estates Code §§ 201.003 (b)(2) the Decedent's interest passes to the surviving spouse if all the surviving children of the deceased spouse are also children or the surviving spouse.

24. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, the wife then acquired all of Decedents' interest in the Property immediately upon their death—subject to the Loan Agreement debt owed to Plaintiff.

### D. Default Under the Loan Agreement

25. Under the terms of the Loan Agreement, Borrowers are required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

26. The Loan Agreement further provides that should the Borrowers fail to make payments on the Note as they became due and payable or fail to comply with any or all covenants and conditions of the Security Instrument, then the lender may enforce the Security Instrument and sell the Property pursuant to applicable law and in accordance with the provisions set out in the Loan Agreement.

27. The Note required Obligors to make payments beginning on September 1, 2006, with the loan maturing on August 1, 2036.

28. The Loan Agreement is currently due for March 1, 2025, and all subsequent monthly payments. Notice of Default was sent via certified mail to the Borrowers at the Property Address in accordance with the Loan Agreement and the Texas Property Code on April 21, 2025. A true and correct copy of the notice of default is attached hereto as **Exhibit H**.

29. The default was not cured, and the maturity of the debt was accelerated. On September 5, 2025, Plaintiff, through counsel, sent a Notice of Acceleration of Loan Maturity

("Notice of Acceleration") to the Borrowers by regular and certified mail to the Property address. A true and correct copy of this notice is attached hereto as **Exhibit I**.

30. The Loan is now past due for the March 1, 2025 payment and all subsequent payments accrued. Payment of the past due balance on the debt has not been received by Plaintiff. The total amount to pay off the Loan as of September 5, 2025 was $97,355.52, subject to additional interest, fees, and costs as authorized by the Loan. A true and correct copy of the payoff is attached hereto as **Exhibit J**.

31. Because the subject loan is a Texas Home Equity Loan, foreclosure requires a Court order under Tex. Const. art. XVI, § 50(a)(6)(D). Plaintiff files this Complaint to include the heirs at law of the now deceased Obligor. Subject to Tex. Estates Code, §§ 101.001(b) and 101.051 the heirs-at-law of Decedent acquired all of Decedent's interest in the Property immediately upon Decedent's death. Though all defendants have had the use, benefit, and enjoyment of the Property, they have failed or refused to pay the debt evidenced by the Loan Agreement.

32. But for the death of the Decedent, Plaintiff would have exercised its right to enforce its Deed of Trust against the Property because of the material breach of the Loan Agreement. The most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property would be a public auction of the Property. The rights, responsibilities, and duties of Plaintiff and the trustee of the Deed of Trust are well known under Tex. Prop. Code § 51.002 and Texas case law; therefore, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process.

33. All conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest against the Property.

34. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the property.

## V. CAUSES OF ACTION

### A. Declaratory Relief

35. The foregoing paragraphs are incorporated by reference for all purposes.

36. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

37. A public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities, and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process and would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community.

38. Declaratory Judgment is appropriate when a real controversy exists between the parties, and the entire controversy may be determined by judicial declaration. *Spawglass Construction Corporation v. City of Houston*, 974 S.W.2d 876 (Tex. App – Houston 1998, no writ). Based on the UNIFORM DECLARATORY JUDGMENT ACT, TEX. CIV. PRAC. & REM. CODE §37.001, *et. seq.,* and the Loan Agreement, Plaintiff seeks a Declaratory Judgment from this Court with a

judgment for non-judicial foreclosure of the Property pursuant to the Loan Agreement and the Texas Property Code.

39. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Deed of Trust and that, as owner and holder of the Note and beneficiary of the Deed of Trust, Plaintiff as the mortgagee is authorized to enforce the power of sale in the Deed of Trust through foreclosure of the Property.

## B. Enforcement Of Statutory Probate Lien

40. The foregoing paragraphs are incorporated by reference for all purposes.

41. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan and the following statutory authority:

    a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:

*"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*

    b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:

*"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and

    c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

*"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

42. Plaintiff's statutory lien gives Plaintiff an enforceable and superior *in rem* lien against the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory lien against the Property according to the terms of the Loan Agreement and Tex. Prop. Code § 51.002 or Tex. R. Civ. P. 309. Plaintiff seeks no personal liability against the Defendants. Plaintiff seeks only the *in rem* interest in the Property acquired by the Defendants upon the death of the Decedent.

### C. Judicial Foreclosure

43. In the alternative, Plaintiff seeks judgment for judicial foreclosure of the Property. Texas law requires a party to secure a court order to foreclose on a home equity loan. TEX. CONST. ART. XVI § 50(a)(6)(C). Section 51.002 of the Texas Property Code provides for the sale of real property pursuant to a security instrument with a power of sale. A lien subject to non-judicial foreclosure or may also be foreclosed by judgment in an action for judicial foreclosure." TEX. R. CIV. P. 735.3. Therefore, pleading in the alternative, Plaintiff files this claim for judicial foreclosure

44. Plaintiff has the right to enforce the Note and Deed of Trust. Plaintiff has fully performed its obligations under the Loan Agreement. However, Decedent did not comply with the Loan by failing to substantially perform material obligations required under its terms (principally, the payment of amounts due under the Loan). Decedent's Estate was provided with notice of default and intent to accelerate if the default was not cured. Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the U.S. Marshal or the sheriff or constable of Harris County—the county where the Property is located—directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt.

## VI. DAMAGES

45. Based on breach of the respective obligations under the Loan Agreement, Plaintiff has been damaged in an amount of at least the payoff of the Loan Agreement. That amount

continues to accrue, and Plaintiff is further entitled to attorney fees, costs of court, interest, and all other fees and costs allowed to Plaintiff under the terms and conditions of the Loan Agreement.

## VII. ATTORNEY'S FEES

46. Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the Loan, and Texas Civil Practice and Remedies Code §38.001. Attorneys' fees are not sought as a personal judgment against Defendants but only as an additional debt secured by the Deed of Trust.

## VIII. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff U.S. Bank National Association, as Trustee for Asset Backed Funding Corporation Asset Backed Certificates, Series 2006 HE1 prays that Defendants be cited to appear and answer the claims brought by Plaintiff, and that upon final hearing the Court enter judgment in favor of U.S. Bank over the Defendants declaring U.S. Bank National Association, as Trustee for Asset Backed Funding Corporation Asset Backed Certificates, Series 2006 HE1's first lien mortgage as superior; ordering foreclosure of the Property; granting Plaintiff its reasonable attorneys' fees and costs; and granting Plaintiff such other relief to which it may be justly entitled.

Respectfully submitted,

By: _/s/ John R. Osborne, Jr._
**JOHN R. OSBORNE, JR.**
Texas Bar No. 24027708
Southern District of Texas Bar No. 435414
jrosborne@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 North Dallas Parkway, Ste. 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686
**ATTORNEYS FOR PLAINTIFF**